FRANCOIS COURTINARD, APPELLANT, v. GRAY BURIAL AND CREMATION COMPANY ET AL., RESPONDENTS.

Submitted July 9, 1923—Decided November 20, 1923.

Where there was proof of the contractual relationship of master and servant between defendant and the driver of an automobile which injured the plaintiff, sufficient to warrant the jury in inferring a continuance of that relationship during the period of hiring the automobile by a third party, the issue should have been submitted to the jury, as the testimony, if believed by it, imposed liability upon the defendant as principal.

On appeal from the Supreme Court.

For the appellant, *Frank J. Higgins* and *Harry Lane.*

For the respondents, *Kalisch & Kalisch.*

The opinion of the court was delivered by

MINTURN, J.  A detailed recital of the facts in this case, as stated in the opinion of this court in *Courtinard* v. *Gray Burial Co.,* 98 *N. J. L.* 493, obviously, must prove to be the work of supererogation, and can serve no practical or useful purpose in the determination of this phase of the same issue. Suffice it to state generally, that at the same trial, in an action in which this defendant was joined as a co-defendant with Elizabeth Casey and John F. Casey, partners in trade, the insistence in behalf of the Caseys was that the driver of a hired automobile was not their servant, but remained the servant of the Gray Burial Company from whom he had been hired with the automobile of which he was in charge, and which he was driving in a funeral cortege conducted by the Caseys, from Plainfield, in this state, to a cemetery in the city of Brooklyn.  The injury to the plaintiff occurred at a street intersection in the city of New York, by reason of the alleged negligence of the driver in question.

The case against this defendant company was nonsuited by the direction of the learned trial court, and that against the Caseys was submitted to the jury upon instructions which this court, upon review, deemed erroneous.  The direction of the nonsuit against the Gray Burial Company is now before us upon this appeal.

In the prior case we held that there was no evidence from which a jury could infer that the relationship of master and servant existed between the Caseys and the driver, and that in the absence of such testimony the submission of the question of negligence to the jury as to the Caseys was erroneous. In the present instance there was proof of the contractual relationship of master and servant between this defendant company and the driver sufficient to warrant the jury in inferring a continuance of that legal relationship during the period of the hiring of the automobile and the driver by the Caseys.  The legal status thus established imposed liability upon the defendant company as principal, if the jury should credit the testimony produced as to the alleged negligence of the servant, the driver.  The issue thus evolved mani-

festly was one of fact, and should have been submitted to the jury.

The judgment will therefore be reversed, to the end that a *venire de novo* issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ.    12.